IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Hasan Abdullah, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. _____ |
| -*vs*- | ) | |
| | ) | |
| Sheriff of Cook County, Cook County, Illinois, Correctional Officers M Statler #17269, Salas #18148, and P Fraticola #17123, | ) | *(jury demand)* |
| | ) | |
| *Defendants*. | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343.

2. Plaintiff Hasan Abdullah was a detainee at the Cook County Jail in July of 2017. He is not currently confined in any jail, prison, or other correctional facility.

3. Defendant Sheriff of Cook County is sued in his official capacity.

4. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. Correctional Officers Statler, Salas, and Fraticola were at all relevant times acting under color of their authority as correctional officers

employed by the Sheriff of Cook County; plaintiff sues these defendants in their individual capacities.

6. On July 30, 2018, plaintiff was assigned to a housing unit at the Cook County Jail known as Division 08 RTU Tier 4C.

7. Division 08 RTU Tier 4C is a "dormitory tier" in which detainees are housed in one large room rather than separate cells.

8. At some time before July 30, 2018, an employee or employees of defendant Sheriff, acting pursuant to the Sheriff's policies and widespread practices, determined that a jail detainee named Desmond Randolph should be classified as "medium security."

9. The above-mentioned determination was made notwithstanding Desmond's pending charges of aggravated battery on a Chicago Police Officer and aggravated battery on a Chicago Police Department Detention Aide.

10. Desmond's pending charges involved alleged violent acts committed by Desmond while in custody and evidenced a serious risk that Desmond would continue to commit violent acts while in custody.

11. The classification of Desmond as "medium security," which was made pursuant to the Sheriff's policies and widespread practices, ignored

the obvious risk that Desmond would continue to commit violent acts while in custody.

12. Based on Desmond's designation as "medium security," an employee or employees of defendant Sheriff, acting pursuant to the Sheriff's policies and widespread practices, assigned Desmond to the above-described "dormitory tier" of Division 08 RTU Tier 4C at some time before July 30, 2018.

13. Desmond violently attacked plaintiff on July 30, 2017. He first threw a powder into plaintiff's eyes, temporarily blinding plaintiff. (A report prepared by defendant Statler states that the powder was Kool-Aid drink mix.)

14. Desmond then hit plaintiff with his fists while plaintiff struggled to remove the powder from his eyes and regain his vision.

15. Defendants Statler and Salas stood by while plaintiff attempted to defend himself.

16. Plaintiff suffered serious personal injuries because Statler and Salas failed to take sufficient action to stop Desmond's attack.

17. Other correctional officers eventually arrived to stop Desmond's attack, including defendant Fraticola.

18. Defendant Fraticola used excessive force by throwing plaintiff to the hard concrete floor even though it was apparent that plaintiff had been reasonably and lawfully defending himself.

19. Plaintiff suffered serious personal injuries because of defendant Fraticola's above-described unreasonable conduct.

20. Following the above-referred incident, defendants Statler, Salas, and Fraticola concocted a false story to disguise their wrongdoing: the defendants falsely claimed that plaintiff had been resisting and was not responding to verbal orders when Fraticola threw him to the ground.

21. Defendants Statler, Salas, and Fraticola memorialized the false story in official reports and thereby caused plaintiff to be falsely charged with violations of jail rules, including disorderly conduct, fighting, and disobeying or resisting orders.

22. A disciplinary hearing board exonerated plaintiff of the charges on August 1, 2017.

23. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourteenth Amendment to the constitution of the United States.

24. Plaintiff demands trial by jury.

-5-

WHEREFORE plaintiff requests that appropriate compensatory damages be awarded against all defendants, that appropriate punitive damages be awarded against defendants Statler, Salas, and Fraticola, and that the costs of this action, including fees and costs, be taxed against defendants.

/s/ Joel A. Flaxman
Joel A. Flaxman
ARDC No. 6292818
Kenneth N. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200

*Attorneys for plaintiff*